NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0236n.06
Filed: March 30, 2009

No. 07-6066

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| CHARLES EDDIE YOUNG, | ) | WESTERN DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |

Before: MARTIN and COOK, Circuit Judges; and WATSON, District Judge[*]

MICHAEL H. WATSON, District Judge. This is a dispute about whether the district court properly denied Defendant Charles Young's motion to suppress evidence gathered during a warrantless search of his property. We hold that the district court did not err in finding that Defendant freely and voluntarily gave consent and affirm the judgment of the district court.

I.

On July 17, 2006, Charles Young was indicted by a grand jury of the United States District Court for the Western District of Tennessee, Eastern Division for one count of being a felon in

_____

[*]The Honorable Michael H. Watson, United States District Judge for the Southern District of Ohio, sitting by designation.

possession of a firearm, in violation of 18 U.S.C. § 922(g), and one count of being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g).

The district court held a hearing on Defendant's motion to suppress evidence on December 20, 2006. Special agents of the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), an investigator, and Defendant, among others, testified. In denying Defendant's motion to suppress, the district court discussed a substantial number of reasons why it found his consent was freely and voluntarily given.

On February 8, 2007, Defendant entered a conditional plea pursuant to Rule 11(a)(2) of the Federal Rules of Criminal Procedure reserving his right to appeal the district court's order denying the motion to suppress. This appeal followed.

II.

On March 8, 2006, Defendant was summoned to the Carroll County, Tennessee, Sheriff's Department by ATF agents as a ruse to allow agents to execute an arrest warrant in a controlled environment.[1] A call was placed to Defendant informing him he could come to the Sheriff's Department to claim guns previously seized from him.

---

[1] An agent testified that, during a previous arrest, Defendant attempted to flee law enforcement on an all-terrain vehicle with a small child on his lap.

Defendant arrived at the Sheriff's Department with his wife, Tammy Young, and their young daughter. Sheriff's deputies greeted Defendant and took him to a back room separate from his wife and daughter. In the room, three ATF special agents, Agents Lane, Allen, and Estevan, were in plain clothes with holstered guns and displayed badges. These agents informed Defendant they had a federal arrest warrant for him and placed him under arrest. After securing Defendant, Agent Lane read Defendant his *Miranda* rights. The agents explained to Defendant that he was under arrest for being a felon in possession of a firearm. Immediately upon conclusion of his *Miranda* rights, Defendant asserted that he was not a drug dealer and repeated this statement throughout the questioning with the agents.

At some point during this questioning, Defendant was asked by the agents for consent to search his house for drugs. Defendant allegedly verbally consented. He was then asked if any firearms were present on the property. Defendant allegedly told the agents there was a firearm in the truck on his property and consented to allow the agents to retrieve it.

The agents further advised Defendant they planned to take him to his house to retrieve the gun and his prescription medications, and then take him before a magistrate judge in Memphis. The agents informed Defendant's wife of what was happening. Defendant repeatedly asked to not have his daughter see him in handcuffs and the agents agreed to try to facilitate this request.

The agents then retrieved a consent form and filled it in. Defendant signed the consent form prior to the search of his house. The entirety of the discussion at the Sheriff's Department lasted

approximately thirty minutes. The three agents and Defendant then followed Tammy Young to the house. In the driveway of the property, the address on the consent form was modified and the numbers of the address were darkened or bolded. At the property, the gun was recovered from the truck. The agents also retrieved Defendant's prescription medications. The house was searched; no drugs were found, but ammunition was discovered on the property.

Defendant testified he was surprised by his arrest and confused by the many agents and deputies coming in and out of the room. He states he was upset by his daughter being at the Sheriff's Department. Although he does not recall being read his *Miranda* rights, he maintains he was told by Agent Allen he was going to prison for fifteen years to life and that he could help himself by telling agents information. He also alleges the agent said that he would not be charged if he told the agents where any guns were. He further stated he had no recollection of giving verbal consent or signing a consent form, but admitted it was his signature on the form. Defendant went on to discuss his limited ninth grade education and his medical conditions, specifically an aneurysm that allegedly makes him forgetful and confused.

III.

In reviewing the district court's denial of a motion to suppress, we review the district court's factual findings for clear error and its legal conclusions *de novo*. *E.g.*, *United States v. Hudson*, 405 F.3d 425, 431 (6th Cir. 2005); *United States v. Gillis*, 358 F.3d 386, 390 (6th Cir. 2004), *cert. denied*, 543 U.S. 856 (2004).

"While we review the determination of the ultimate question of whether there was consent *de novo*, we must afford due weight to the factual inferences and credibility determinations made by the district court." *United States v. Moon*, 513 F.3d 527, 536-37 (6th Cir. 2008) (citing *United States v. Caruthers*, 458 F.3d 459, 464 (6th Cir. 2006)). Where a motion to suppress is denied by a district court, "we consider the evidence in the light most favorable to the government." *United States v. Carter*, 378 F.3d 584, 587 (6th Cir. 2004) (en banc) (citation omitted).

> It is well-settled that a person may waive his Fourth Amendment rights by consenting to a search. *Davis v. United States*, 328 U.S. 582, 593-94 (1946). Consent to a search "may be in the form of words, gesture, or conduct." *United States v. Griffin*, 530 F.2d 739, 742 (7th Cir. 1976). In whatever form, consent has effect only if it is given freely and voluntarily. *Bumper v. North Carolina*, 391 U.S. 543, 548 (1968).

*Carter*, 378 F.3d at 587.

"[W]hether a consent to a search was in fact 'voluntary' or was the product of duress or coercion, express or implied, is a question of fact to be determined from the totality of all the circumstances." *Schneckloth v. Bustamonte*, 412 U.S. 218, 227 (1973); *see also Moon*, 513 F.3d at 537; *United States v. Ivy*, 165 F.3d 397, 402 (6th Cir. 1998). In this inquiry, the Court should consider the circumstances surrounding the search for "more subtle forms of coercion that might flaw [an individual's] judgment." *Ivy*, 165 F.3d at 402 (citing *United States v. Watson*, 423 U.S. 411, 424 (1976)).

> Several factors should be examined to determine whether consent is valid, including the age, intelligence, and education of the individual; whether the individual

> understands the right to refuse to consent; whether the individual understands his or her constitutional rights; the length and nature of detention; and the use of coercive or punishing conduct by the police.

*United States v. Elkins*, 300 F.3d 638, 647 (6th Cir. 2002) (quoting *United States v. Riascos-Suarez*, 73 F.3d 616, 625 (6th Cir. 1996)).

IV.

Considering the various testimony and all the circumstances, the district court did not err in finding that Defendant freely and voluntarily consented to the search of his property. The evidence concerning the verbal and subsequent written consent was provided in the form of testimony by, *inter alia*, two ATF agents, an investigator, and the Defendant. Although Defendant claims he does not remember giving consent nor signing the consent form, he admits it is his signature on the consent form and he remembers a substantial amount of the facts and details of the event. All parties, including the Defendant, state the events at the Sheriff's Department were nonconfrontational, the Defendant was treated fairly, and the discussion was brief. The agents' guns were holstered at all times and, although the Defendant might have been scared and upset, the facts do not suggest the experience rose to the level of duress. Furthermore, despite Defendant's limited education, he had previous engagements with law enforcement, *see, United States v. Elkins*, 300 F.3d 638 n.7 (6th Cir. 2002), and thus he was not unfamiliar with his Constitutional rights. Accordingly, we will not disturb the district court's factual finding that the consent was voluntary.

Defendant also claims he yielded to the authority of the agents at the Sheriff's Department. While mere acquiescence does not suffice to establish free and voluntary consent, *see, e.g., Bumper*, 391 U.S. at 548-49, it does not appear from the record that Defendant's consent was "an expression of futility in resistence to authority or acquiescing in the officers' request." *United States v. Worley*, 193 F.3d 380, 386 (6th Cir.1999). Defendant admitted the situation was nonconfrontational and he was treated fairly. The record does not suggest Defendant felt powerless to prohibit the search.

Viewing the evidence in the light most favorable to the government, it is clear that the district court did not err when it found that Defendant voluntarily consented to the search of his property.

V.

For these reasons, we affirm the judgment of the district court.